

FILED

AUG 1 9 2015

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. **15 CR 505** |
| v. ) | |
| ) | Violations: Title 18 United States |
| ULRIC JONES, aka ) | Code, Sections 287, 641, and 1341 |
| "Ulric El Bey" ) | |

JUDGE BLAKEY

MAGISTRATE JUDGE MARTIN

<u>COUNT ONE</u>

The SPECIAL SEPTEMBER 2014 GRAND JURY charges:

1. At times material to this Indictment:

   a. The Internal Revenue Service was an agency of the United States Department of the Treasury. For the tax years 2008 and 2009, the IRS provided that estates and trusts entitled to a refund of federal income taxes could claim that refund by submitting a Form 1041 United States Income Tax Return for Estates and Trusts.

   b. On the Form 1041 return, the estate or trust was required to provide the estate's or trust's name and address, the name and title of its fiduciary, its Employer Identification Number, its total income for the tax year, the amount of federal income tax withheld during the tax year, the amount of federal income tax, and the amount of tax due or refund claimed.

   c. The IRS relied upon information from the Form 1041 in determining and issuing refunds. After receiving this information, the IRS issued a refund to the taxpayer by mail, among other methods, if the trust or estate was

1

entitled to a refund and there were no outstanding tax liabilities or other federally authorized deductions on record with the IRS.

2. Beginning no later than August 2010, and continuing through at least February 2011, at Calumet City, in the Northern District of Illinois, Eastern Division, and elsewhere,

ULRIC JONES, aka
"Ulric El Bey,"

defendant herein, devised and intended to devise, and participated in a scheme to defraud and to obtain money from the Internal Revenue Service by means of materially false and fraudulent pretenses, representations, and promises, which scheme is described in the following paragraphs.

3. It was part of the scheme that, on or about August 3, 2010, defendant ULRIC JONES filed a document with the Cook County Recorder of Deeds entitled "Name Declaration, Correction and Publication" in which Jones stated in part that: "I am now Rightfully Declaring, Publishing and Proclaiming my own Free National Name . . . Conjoined to my Moorish American Consanguine Pedigree . . . Let it be Declared, Known and Resolved that I am Ulric-El: Bey."

4. It was further part of the scheme that in or about August 2010, defendant ULRIC JONES obtained an Employer Identification Number from the IRS for the "Ulric Jones Trust," and caused himself to be listed as the trustee and fiduciary of that purported trust (using the name "Ulric El Bey"). Defendant ULRIC JONES obtained EIN 80-617xxxx for the purported Ulric Jones Trust.

5. It was further part of the scheme that between no later than on or about August 23, 2010, and continuing through at least February 24, 2011, defendant ULRIC JONES prepared and filed, and caused to be prepared and filed, with the IRS at least three materially false and fraudulent Form 1041 trust tax returns for the purported Ulric Jones Trust, using the EIN 80-617xxxx he had previously obtained, for tax years 2008 and 2009. Each return included, among other things, fictitious information relating to income, fees, exemptions, and tax withholding for the trust. In this manner, defendant falsely and fraudulently claimed tax refunds for the purported Ulric Jones Trust in the amount of approximately $560,000.

6. It was further part of the scheme that on or about October 29, 2010, defendant ULRIC JONES opened bank account xxxxxxx2404 in the name of the purported Ulric Jones Trust (EIN 80-617xxxx), listing Ulric El Bey as trustee, at First Savings Bank of Hegewisch.

7. It was further part of the scheme that defendant ULRIC JONES caused the United States Department of the Treasury to issue an income tax refund check, on or about November 23, 2010, in the amount of $280,000, in the name of Ulric Jones TR, Ulric El Bey TTEE. The Department of the Treasury issued the refund check as a result of a fraudulent 2009 Form 1041 trust tax return submitted by defendant on or about August 23, 2010.

8. It was further part of the scheme that defendant ULRIC JONES endorsed and deposited the tax refund check into First Savings Bank of Hegewisch account xxxxxxx2404, on or about December 1, 2010.

9. It was further part of the scheme that defendant ULRIC JONES used the proceeds of that fraudulently obtained refund check for his own personal use, including the purchase of clothing, meals and other personal items.

10. It was further part of the scheme that defendant ULRIC JONES misrepresented, concealed, and hid; and caused to be concealed, misrepresented, and hidden, certain material facts, including the acts and purposes of the acts done in furtherance of the scheme to defraud.

11. On or about August 23, 2010, at Calumet City, in the Northern District of Illinois, Eastern Division, and elsewhere,

> ULRIC JONES, aka
> "Ulric El Bey,"

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to delivered by mail according to the directions thereon, an envelope containing a Form 1041 United States Income Tax Return for Estates and Trusts in the name of taxpayer Ulric Jones Trust for tax year 2009, which envelope was addressed to:

> Department of Treasury
> Internal Revenue Service Center
> Cincinnati, Ohio 45999-0048;

In violation of Title 18, United States Code, Section 1341.

## COUNTS TWO THROUGH FOUR

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. Paragraph 1 of Count One is incorporated here.

2. On or about the dates set forth below, each such date constituting a separate count of this Indictment, at Calumet City, in the Northern District of Illinois, Eastern Division, and elsewhere,

ULRIC JONES, aka
"Ulric El Bey,"

defendant herein, made, presented, and caused to be presented to the IRS, an agency of the United States, a claim upon and against the IRS, that is, a tax return as set forth below, knowing that the claim was false, fictitious, and fraudulent, in that the return falsely indicated that the taxpayer was entitled to a refund in the amount set forth:

| Count | Date | Tax Return | Refund Claimed |
| --- | --- | --- | --- |
| 2 | August 23, 2010 | 2009 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Ulric Jones Trust | $280,000 |
| 3 | December 9, 2010 | 2008 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Ulric Jones Trust | $280,000 |
| 4 | February 24, 2011 | 2009 Form 1041 U.S. Income Tax Return for Estates and Trusts in the name of taxpayer Ulric Jones Trust | $280,000 |

In violation of Title 18, United States Code, Section 287.

## COUNT FIVE

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. On or about December 1, 2010, in the Northern District of Illinois, Eastern Division, and elsewhere,

ULRIC JONES, aka
"Ulric El Bey,"

defendant herein, stole, purloined, and knowingly converted to his own use money of the United States, namely, approximately $280,000 in funds administered by the IRS in the form of a federal income tax refund issued to "Ulric Jones TR, Ulric El Bey TTEE," which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

## FORFEITURE ALLEGATION

The SPECIAL SEPTEMBER 2014 GRAND JURY further charges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Sections 641, or 1341, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. The property to be forfeited includes, but is not limited to:

   a. a personal money judgment in the amount of $280,000; and

   b. the following specific property:

      i. the real property commonly known as 716 East 93rd Avenue, Chicago, Illinois 60619, legally described as follows:

      LOTS 38 AND 39 IN BLOCK 55 IN S.E. GROSS' THIRD ADDITION TO DAUPHIN PARK, BEING A SUBDIVISION OF THE SOUTH ½ OF THE NORTHEAST ¼ OF THE SOUTHEAST ¼ OF SECTION 3, TOWNSHIP 37 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

      PIN: 25-03-416-023-0000

      ii. the real property commonly known as 15139 Irving Avenue, Dolton, Illinois 60419, legally described as follows:

      LOT 6 IN JACOBSMA SUBDIVISION OF PART OF THE EAST ½ OF THE SOUTHEAST ¼ OF SECTION 10, TOWNSHIP 36 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

      PIN: 29-10-411-053-0000

3.  If any of the property described above, as a result of any act or omission by defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code, Section 853(p).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY